Jason M. Ingber (SBN 318323)
Serach B. Shafa (SBN 358332)
**Ingber Law Group**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Tel: (213) 805-8373
E-mail: ji@jasoningber.com

Attorneys for Plaintiff
NECHMA NAOMI HARTMAN

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**NECHAMA NAOMI HARTMAN, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**SKYLINE TRAVELS LLC, a California Limited Liability Company, and DOES 1-10,**

**Defendants.**

Case No.: 2:25-cv-7580

**CLASS ACTION COMPLAINT:**

1. **FRAUD**
2. **NEGLIGENCE**
3. **UNFAIR COMPETITION – CAL. BUS. & PROF. CODE § 17200 ET SEQ.**
4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
5. **UNJUST ENRICHMENT**

**JURY TRIAL DEMANDED**

Plaintiff NECHAMA NAOMI HARTMAN ("Plaintiff"), by and through her counsel, brings this Complaint against Defendant BARCLAYS BANK DELAWARE ( "Barclays"), JETBLUE AIRWAYS CORPORATION ("Jetblue"), and SKYLINE TRAVELS LLC ("Skyline Travels")

(collectively, “Defendants”), and alleges as follows, based on personal knowledge as to her own actions and experiences, and on information and belief, including the investigation of counsel, as to all other matters:

## INTRODUCTION

1. Plaintiff Nechama Naomi Hartman ("Plaintiff") brings this class action lawsuit against Defendants Barclays Bank Delaware ("Barclays"), JetBlue Airways Corporation ("JetBlue"), and Skyline Travels LLC ("Skyline Travels") (collectively, "Defendants") for their deceptive, fraudulent, and negligent business practices that have caused substantial financial harm to Plaintiff and countless other consumers.

2. This case arises from a sophisticated scheme whereby third-party travel agencies intercept legitimate customer service calls intended for JetBlue, impersonate JetBlue representatives, and fraudulently induce consumers to purchase airline tickets at inflated prices with unnecessary cash payments. When consumers discover the deception and seek refunds, Defendants Barclays and JetBlue engage in a coordinated effort to deny relief based on arbitrary technicalities and unconscionable policies.

## PARTIES

3. Plaintiff Nechama Naomi Hartman is a resident of California and a real estate professional who has been a loyal JetBlue customer for many years, regularly using the JetBlue-branded credit card issued by Barclays to accumulate points for travel.

4. Defendant Skyline Travels LLC is a limited liability company that operates as a travel agency and engages in deceptive practices by intercepting customer service calls intended for JetBlue and impersonating JetBlue representatives.

5. Upon information and belief, Defendant conducts substantial business in California and throughout the United States through its fraudulent call interception scheme.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which members of the proposed class are citizens of states different from Defendants.

8. This Court has personal jurisdiction over Defendants because they conduct substantial business in California and the acts giving rise to this lawsuit occurred in California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Defendants conduct substantial business in this District.

**FACTUAL ALLEGATIONS**

**THE FRAUDULENT SCHEME**

10. On or about February 14, 2025, Plaintiff attempted to book a flight by calling JetBlue's direct customer service number that she had used successfully for years.

11. Unbeknownst to Plaintiff, her call was intercepted by Skyline Travels, whose representatives fraudulently impersonated JetBlue customer service agents.

12. The Skyline Travels representative falsely told Plaintiff that she could not book her desired flight using points alone but instead needed to pay 157,000 JetBlue points plus $2,400 in cash.

13. Plaintiff, reasonably believing she was speaking with an authorized JetBlue representative, agreed to the transaction and provided her JetBlue-branded Barclays credit card information.

14. The following day, Plaintiff received a booking confirmation from Skyline Travels-not JetBlue-which immediately raised suspicions about the legitimacy of the transaction.

15. Upon researching Skyline Travels online, Plaintiff discovered numerous consumer complaints describing identical experiences of call interception and fraudulent misrepresentation.

**THE DISCOVERY OF THE FRAUD**

16. Plaintiff immediately contacted JetBlue directly and learned that she could have booked the exact same flight using only her accumulated points, without any cash payment.

17. This revelation confirmed that Skyline Travels had deliberately misrepresented the booking requirements to extract an unnecessary $2,400 cash payment from Plaintiff.

18. Plaintiff promptly canceled the fraudulent booking with JetBlue and successfully recovered her 157,000 points.

## DEFENDANT'S SYSTEMATIC FRAUDULENT PRACTICES

19. Upon information and belief, Defendant's fraudulent scheme is not isolated to Plaintiff's experience but represents a systematic pattern of deceptive business practices targeting numerous consumers.

20. Defendant's fraudulent scheme includes, but is not limited to:

a. Intercepting calls intended for legitimate airline customer service lines;

b. Impersonating airline representatives without authorization;

c. Misrepresenting flight availability and pricing requirements;

d. Charging excessive and unnecessary fees for standard booking services;

e. Refusing to provide full refunds when consumers discover the deception;

f. Imposing arbitrary cancellation policies designed to retain fraudulently obtained funds.

21. Defendant's business model depends on deceiving consumers into believing they are dealing directly with airlines when they are actually being charged inflated prices by an unauthorized third party.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually and as a class action on behalf of the following proposed class:

All persons in the United States who, within the applicable statute of limitations period:

a. Called Skyline Travels LLC believing they were contacting airline customer service;

b. Were charged unnecessary fees by Skyline Travels LLC through misrepresentation; and

c. Were denied full refunds based on Defendant's arbitrary policies.

23. Excluded from the Class are Defendants, their employees, officers, directors, legal representatives, heirs, successors, and any entity in which Defendants have a controlling interest.

24. **Numerosity:** The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are hundreds if not thousands of Class members.

25. **Commonality:** Common questions of law and fact exist as to all Class members, including:

a. Whether Skyline Travels engaged in fraudulent business practices;

b. Whether Skyline Travels LLC's misrepresentation of its identity constitutes fraud;

c. Whether Skyline Travels LLC's refund denial policies are unconscionable;

d. Whether Defendant's conduct violates consumer protection laws;

e. Whether Class members are entitled to restitution and damages.

26. **Typicality:** Plaintiff's claims are typical of the claims of the Class members as all Class members were subjected to the same fraudulent scheme and unfair business practices.

27. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

28. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

**a.** Individual lawsuits would be impractical given the relatively small individual damages

**b.** Class treatment will conserve judicial resources

**c.** Common legal and factual issues predominate over individual issues.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FRAUD

29. Plaintiff incorporates all preceding allegations.

30. Skyline Travels knowingly and intentionally misrepresented itself as JetBlue's authorized customer service.

31. Skyline Travels knowingly and intentionally misrepresented that cash payment was required when it was not.

32. These misrepresentations were material and made with the intent to deceive Plaintiff and induce her to pay unnecessary fees.

33. Plaintiff reasonably relied on these misrepresentations and suffered damages as a direct result.

34. Skyline Travels' conduct was willful, malicious, and oppressive, justifying an award of punitive damages.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

35. Plaintiff incorporates all preceding allegations.

36. Skyline Travels LLC owed a duty to its customers to accurately represent its identity and services, and to provide truthful information regarding flight bookings and pricing.

37. Skyline Travels LLC owed a duty to maintain honest business practices and not to deceive consumers about the nature of its services.

38. Skyline Travels LLC breached these duties by impersonating airline representatives and providing false information about flight booking requirements.

39. Skyline Travels LLC's breach of duty was a proximate cause of Plaintiff's and Class members' damages.

40. As a direct result of Skyline Travels LLC's negligence, Plaintiff and Class members suffered financial losses.

**THIRD CASUE OF ACTION**

**UNFAIR COMPETITION – Cal. Bus. & Prof. Code § 17200 et seq.**

41. Plaintiff incorporates all preceding allegations.

42. Defendant's business practices as alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law, Business and Professions Code Section 17200 et seq.

43. Skyline Travels' fraudulent impersonation of airline representatives and extraction of unnecessary fees constitute unlawful and fraudulent business practices.

44. Skyline Travels' systematic deception of consumers regarding the nature of its services constitutes unfair business practices that offend established public policy and are immoral, unethical, oppressive, and unscrupulous.

45. Skyline Travels' policy of denying legitimate refunds based on arbitrary claim classifications constitutes unfair and unconscionable business practices.

46. Plaintiff and Class members have suffered injury in fact and lost money as a result of Defendant's unfair competition.

47. Plaintiff and Class members are entitled to restitution of all monies obtained by Defendant through its unlawful, unfair, and fraudulent business practices.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

48. Plaintiff incorporates all preceding allegations.

49. An implied covenant of good faith and fair dealing exists in every contract, including the contract for travel services between Plaintiff and Class members and Skyline Travels LLC.

50. Skyline Travels LLC breached this covenant by:

a. Misrepresenting its identity and authorization;

b. Providing false information about booking requirements;

c. Refusing to provide full refunds for services obtained through misrepresentation;

d. Imposing arbitrary policies designed to retain fraudulently obtained funds.

51. Skyline Travels LLC's policies and practices lack any legitimate business justification and operate solely to deny consumers rightful refunds and retain ill-gotten gains.

52. As a direct result of Skyline Travels LLC's breach, Plaintiff and Class members have suffered damages including financial losses and ongoing charges.

**FIFTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

53. Plaintiff incorporates all preceding allegations.

54. Skyline Travels LLC has been unjustly enriched by retaining fees and charges obtained through fraudulent misrepresentation.

55. Skyline Travels LLC has received and retained benefits that rightfully belong to Plaintiff and Class members.

56. It would be unjust and inequitable for Skyline Travels LLC to retain these benefits obtained through deceptive practices.

57. Plaintiff and Class members are entitled to restitution of all monies wrongfully obtained by Skyline Travels LLC.

58. Plaintiff incorporates all preceding allegations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court:

A. Certify this case as a class action and appoint Plaintiff as Class Representative and her counsel as Class Counsel;

B. Award actual damages in an amount to be determined at trial;

C. Award restitution of all monies wrongfully obtained by Defendant;

D. Award punitive damages against Skyline Travels for its willful and malicious conduct;

E. Issue injunctive relief requiring Skyline Travels to cease its fraudulent practices;

F. Award attorneys' fees and costs pursuant to applicable law;

G. Award pre-judgment and post-judgment interest at the maximum legal rate;

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff NECHAMA NAOMI HARTMAN hereby demands a trial by jury on all issues and causes of action so triable in this matter, pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 14, 2025

INGBER LAW GROUP

*/s/ Jason M. Ingber*

Jason M. Ingber, Esq.

Attorney for Plaintiff